UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRANDON DEMARLO MONGHUR,

    Petitioner,

vs.

WARDEN BRIAN E. WILLIAMS, et al.,

    Respondents.

Case No. 2:12-cv-01653-JCM-PAL

**ORDER**

    Petitioner, who is in the custody of the Nevada Department of Corrections, has submitted an application to proceed in forma pauperis (#1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The court finds that petitioner is unable to pay the filing fee.  The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  The court will dismiss some grounds and serve the petition upon respondents for a response to the remaining grounds.

    After a jury trial in the Eighth Judicial District Court of the State of Nevada, petitioner was found guilty of battery constituting domestic violence with the use of a deadly weapon, first-degree kidnaping, and six counts of child abuse and neglect, all felonies.  Petitioner also was found guilty of trespass and two counts of coercion without physical force, all misdemeanors.  Petitioner was found not guilty of attempted murder with the use of a deadly weapon.  The state court determined

that petitioner was a habitual criminal and sentenced him on all felony counts to life imprisonment with eligibility for parole starting after ten years, pursuant to Nev. Rev. Stat. § 207.010(1)(b)(2). The sentences on all misdemeanor counts were six months in jail. All the sentences run concurrently.[1] Petitioner appealed, and the Nevada Supreme Court affirmed. Petitioner pursued a post-conviction habeas corpus petition in the state courts, without success. Petitioner then commenced this action.

Ground 3 contains multiple, distinct claims. One of those claims is that the evidence was insufficient to support the child-abuse verdicts. This portion of ground 3 might have merit, and respondents will need to respond to it. Respondents will not need to respond to the remaining claims in ground 3. Those other claims both repeat claims raised in ground 10 and, for the reasons stated below in the court's discussion of ground 10, they are without merit.

Ground 4 is a claim that the trial court erred when it denied petitioner's motion for an advisory acquittal. Petitioner made that motion at the close of the prosecution's case, arguing that the evidence presented was insufficient to support guilty verdicts on at least some of the charges. In federal habeas corpus, the court reviews the sufficiency of the evidence based upon all the evidence presented at trial. LaMere v. Slaughter, 458 F.3d 878, 882 (9th Cir. 2006). To the extent that petitioner is asking to review only part of the evidence, his claim is not addressable in federal habeas corpus. To the extent that petitioner is claiming that the evidence is insufficient to support the verdicts, this ground duplicates grounds 1, 2, 3, and 8. The court dismisses ground 4.

Ground 5 relates to petitioner's post-conviction state habeas corpus petition. Petitioner had claimed in that petition that the prosecution failed to disclose material, exculpatory evidence, in violation of Brady v. Maryland, 373 U.S. 83 (1963). Petitioner claims that the state district court erred when it ruled that the Brady claim is not cognizable in post-conviction review because petitioner could have raised the claim on direct appeal. Errors in state post-conviction proceedings

---

[1] The court draws this information from the judgment of conviction, which petitioner has attached as exhibit 3 to the petition.

1  are not addressable in federal habeas corpus.  Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989).
2  The court dismisses ground 5.
3     In ground 6, petitioner claims that the state district court erred in the post-conviction
4  proceedings when it did not conduct an evidentiary hearing.  Again, errors in state post-conviction
5  proceedings are not addressable in federal habeas corpus.  Franzen, 877 F.2d at 26.  The court
6  dismisses ground 6.
7     Ground 10 contains multiple claims.  First, petitioner alleges that the prosecution charged
8  him with the wrong category of child abuse.  Petitioner notes that on each he was sentenced to life
9  imprisonment with the possibility of parole after ten years.  Petitioner then argues that that sentence
10 is permissible only by this part of Nev. Rev. Stat. § 200.508, with emphasis added:

> 2.    A person who is responsible for the safety or welfare of a child and who permits or allows that child to suffer unjustifiable physical pain or mental suffering as a result of abuse or neglect or to be placed in a situation where the child may suffer physical pain or mental suffering as the result of abuse or neglect:
>
> (a)    If substantial bodily or mental harm results to the child:
>
>     (1)    If the child is less than 14 years of age and the harm is the result of <u>sexual abuse or exploitation</u>, is guilty of a category A felony and shall be punished by imprisonment in the state prison for life with the possibility of parole, with eligibility for parole beginning when a minimum of 10 years has been served[.]

17 Petitioner argues that because he was never accused of any type of sexual abuse or exploitation, the
18 prosecution charged him with the wrong category of child abuse.  Petitioner's argument misses a
19 crucial point about how he was sentenced.  The trial court imposed the life sentences for the child
20 abuse counts because the court had determined that petitioner was a habitual criminal pursuant to
21 Nev. Rev. Stat. § 207.010(1)(b)(2).  The habitual-criminal sentence replaces any sentence that
22 petitioner would have received under the child-abuse statute.  The prosecution did not charge
23 petitioner with the wrong category of child abuse.

Second, petitioner claims that the charging document did not give him enough information to know whether he was charged with violating § 200.508(2), quoted in part above, or § 200.508(1), which states in relevant part:[2]

> 1.   A person who willfully causes a child who is less than 18 years of age to suffer unjustifiable physical pain or mental suffering as a result of abuse or neglect or to be placed in a situation where the child may suffer physical pain or mental suffering as the result of abuse or neglect[ . . .]

Petitioner bases his argument upon a selective quotation of the Nevada Supreme Court on direct appeal. After describing subsections 1 and 2, the Nevada Supreme Court stated:

> Thus, although NRS 200.508(2) requires the person to be responsible for the safety or welfare of the child, NRS 200.508(1) does not. Although the information did not specify which section Monghur was being charged with, the language in the information made it clear that NRS 200.508(1) applied. Thus, the State was not required to present evidence demonstrating that Monghur was responsible for the safety or welfare of any of the children present.

State v. Monghur, No. 50156, at 6 (June 3, 2009).[3] In the amended indictment, which petitioner has attached as exhibit 9 to the petition, none of the counts of child abuse allege that petitioner was responsible for the safety and welfare of the child. Consequently, only Nev. Rev. Stat. § 200.508(1) could have applied.

Third, petitioner argues that the prosecution did not allege what parts of Nev. Rev. Stat. § 200.508(4) he had violated. Petitioner could not have violated § 200.508(4) because it does not describe any crime. That part of § 200.508 only defines terms used elsewhere in the statute.

Ground 10 is without merit, and the court dismisses it.

In ground 14, petitioner claims that he received ineffective assistance of counsel on direct appeal because counsel did not raise the issues that petitioner presents now in ground 10. A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466

---

[2]The sub-paragraphs of § 200.508(1) and (2) describe different punishments depending upon the specific circumstances of the crime, and they are not relevant to petitioner's claim.

[3]Petitioner attached a copy of this order as exhibit 4 to his petition.

-4-

U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694.  Petitioner cannot meet this standard because, for the reasons stated above, ground 10 is without merit.  The court dismisses ground 14.

Petitioner has submitted an ex parte motion for appointment of counsel (#2).  Whenever the Court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief.  18 U.S.C. § 3006A(a)(2)(B).  "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983).  There is no constitutional right to counsel in federal habeas proceedings.  McCleskey v. Zant, 499 U.S. 467, 495 (1991).  The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them.  Weygandt, 718 F.2d at 954.  After reviewing the petition, the court concludes that appointment of counsel is not warranted.

IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#1) is **GRANTED**.  Petitioner need not pay the filing fee of five dollars ($5.00).

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that grounds 4, 5, 6, 10, and 14 of the petition are **DISMISSED** from this action.

IT IS FURTHER ORDERED that the parts of ground 3 that do not raise a claim of insufficiency of the evidence to support the verdicts of child abuse and neglect are **DISMISSED** from this action.

IT IS FURTHER ORDERED that petitioner's ex parte motion for appointment of counsel (#2) is **DENIED**.

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

1    IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order.  In addition, the clerk shall return to petitioner a copy of the petition.

    IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the petition.  If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

    IT IS FURTHER ORDERED that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter.  The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment.  The hard copy of any additional state court record exhibits shall be forwarded—for this case—to the staff attorneys in Las Vegas.

    IT IS FURTHER ORDERED that henceforth, petitioner shall serve upon respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the respondents or counsel for the respondents.  The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the clerk, and any paper received by a district judge, magistrate judge, or the clerk that fails to include a certificate of service.

    DATED:   January 8, 2013.

_____
JAMES C. MAHAN
United States District Judge