# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRANDON DEMARLO MONGHUR,

    Petitioner,

vs.

WARDEN BRIAN E. WILLIAMS, et al.,

    Respondents.

Case No. 2:12-cv-01653-JCM-PAL

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#5), respondents' motion to dismiss (#7), petitioner's opposition (#10), and respondents' reply (#11). The court finds that one ground of the petition is procedurally defaulted and that petitioner has not exhausted his available state-court remedies for other grounds. The court grants the motion to dismiss.

    At page 8 of petitioner's opposition is an argument that the court construes as a request to reconsider its dismissal of grounds 4, 5, 6, 10, 14, and part of 3. Ground 4 was a claim that the trial court erred when it denied petitioner's motion for an advisory acquittal. The court dismissed ground 4 because it argued a legal standard that is inapplicable for a claim that the evidence was insufficient to support the verdict. Also, if the court construed ground 4 as a claim that the evidence was insufficient, then ground 4 duplicated other grounds. Grounds 5 and 6 were claims of errors in the state post-conviction proceedings, and those errors are not addressable in federal habeas corpus. The part of ground 3 that the court dismissed duplicated ground 10. Petitioner's argument for reconsideration does not apply to any of these dismissed grounds.

1  The court is not persuaded by petitioner's argument regarding ground 10. Petitioner was
2  convicted of multiple counts of child abuse and neglect, for which there are different categories and
3  sentences based upon the particular circumstances. See Nev. Rev. Stat. 200.508. Petitioner argues
4  that he was charged with the wrong category of felony. The court considered and rejected this
5  argument. Order, at 4 (#4). Nothing in the opposition (#10) would lead the court to depart from its
6  earlier conclusion.

7  Ground 14 was a claim of ineffective assistance of appellate counsel because appellate
8  counsel did not raise the issue contained in ground 10. The court dismissed ground 14 because the
9  underlying claim was without merit, and thus there was neither deficient performance nor prejudice.
10 Nothing in the opposition would lead the court to depart from its earlier conclusion.

11 Turning to the motion to dismiss (#7), respondents argue that grounds 7, 8, 11, 12, 13, and
12 15 are not exhausted. Before a federal court may consider a petition for a writ of habeas corpus, the
13 petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a
14 ground for relief, a petitioner must fairly present that ground to the state's highest court, describing
15 the operative facts and legal theory, and give that court the opportunity to address and resolve the
16 ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459
17 U.S. 4, 6 (1982).

18 Grounds 7 and 8 are claims of court or trial error. Ground 7 is a claim that two justices of
19 the Nevada Supreme Court were biased against petitioner and did not recuse themselves, and
20 ground 8 is a claim that evidence was insufficient to support the verdicts of misdemeanor trespass
21 and misdemeanor coercion. Respondents correctly argue that petitioner has never presented either
22 of these claims to any state court, either on direct appeal or in post-conviction proceedings.
23 Grounds 7 and 8 are not exhausted.

24 Grounds 11, 12, 13, and 15 are claims of ineffective assistance of counsel. Respondents
25 correctly argue that petitioner has not presented these claims to the Nevada Supreme Court in his
26 post-conviction habeas corpus appeal. Petitioner argues that he raised the issues in grounds 11, 13,

and 15 in his state habeas corpus petition.[1]  Opposition, at 7 (#10).  That is insufficient to exhaust a ground.  Petitioner needed to also present the issues to the Nevada Supreme Court in his appeal from the denial of his state habeas corpus petition.  Duncan, 513 U.S. at 365.  The court has reviewed petitioner's state habeas corpus appellate briefs, and he did not present any issues of ineffective assistance of counsel to the Nevada Supreme Court.  See Ex. 35, 37 (#8).  Grounds 11, 12, 13, and 15 are not exhausted.

Respondents also argue that ground 9 is procedurally defaulted.  Ground 9 is a claim that the prosecution had failed to disclose that two prosecution witnesses were convicted felons, in violation of Brady v. Maryland, 373 U.S. 83 (1963).  Petitioner did not raise this claim on direct appeal.  He did raise the claim in his state habeas corpus proceedings.  The state district court determined that Nev. Rev. Stat. § 34.810 barred the claim because petitioner could have raised it on direct appeal but did not.  Ex. 33, at 4 (#8).  The Nevada Supreme Court affirmed that decision.  Ex. 38, at 1-2 (#8).

A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment.  Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986).  The grounds for dismissal upon which the Nevada Supreme Court relied in this case are adequate and independent state rules.  Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule.  Carrier, 477 U.S. at 488.

---

[1] Petitioner makes no such argument for ground 12.

-3-

To show prejudice, "[t]he habeas petitioner must show 'not merely that the errors at . . . trial created a <u>possibility</u> of prejudice, but that they worked to his <u>actual</u> and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" <u>Carrier</u>, 477 U.S. at 494 (quoting <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982)) (emphasis in original).

Petitioner does not present any argument in his opposition (#10) about the procedural default of ground 9. In ground 12 of the petition (#5), he argues that the <u>Brady</u> claim was procedurally defaulted because his appellate counsel failed to raise the issue on direct appeal. The failure to raise a claim due to ineffective assistance of counsel can be cause to excuse a procedural default. However, the ineffective-assistance claim itself must be exhausted in the state courts before it can constitute cause to excuse a procedural default. <u>Murray v. Carrier</u>, 477 U.S. 478, 488-89 (1986). As noted above, ground 12 is not exhausted, because petitioner did not present the issue to the Nevada Supreme Court in his state habeas corpus appeal. Therefore, petitioner has not demonstrated cause to excuse the procedural default of ground 9.

The petition (#5) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 521-22 (1982); <u>Szeto v. Rushen</u>, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss the unexhausted grounds 7, 8, 11, 12, 13, and 15 and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust grounds 7, 8, 11, 12, 13, and 15, or he may move to stay this action while he returns to state court to exhaust grounds 7, 8, 11, 12, 13, and 15. If petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005).[2]

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#7) is **GRANTED**. Ground 9 is **DISMISSED** as procedurally defaulted. Grounds 7, 8, 11, 12, 13, and 15 are unexhausted.

---

[2] In the conclusion of his opposition (#10), petitioner asks the court to stay the action while he returns to state court. However, petitioner does not make the showing that <u>Rhines</u> requires.

-4-


1	IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following: (1) inform this court in a sworn declaration that he wishes to dismiss grounds 7, 8, 11, 12, 13, and 15 of his petition (#5), and proceed only on the remaining grounds for relief, (2) inform this court in a sworn declaration that he wishes to dismiss his petition (#5) to return to state court to exhaust his state remedies with respect to the claims set out in grounds 7, 8, 11, 12, 13, and 15 of his petition (#5), or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to the claims set out in grounds 7, 8, 11, 12, 13, and 15 of his petition (#5). Failure to comply will result in the dismissal of this action.

IT IS FURTHER ORDERED that if petitioner elects to dismiss the aforementioned grounds of his petition (#5) and proceed on the remaining grounds, respondents shall file and serve an answer or other response to the remaining grounds within forty-five (45) days after petitioner serves his declaration dismissing those grounds. If respondents file and serve an answer, it shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

IT IS FURTHER ORDERED that if respondents file and serve an answer, petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

DATED:  September 5, 2013.

_____
JAMES C. MAHAN
United States District Judge